ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | FOR THE NINTH JUDICIAL CIRCUIT |
| | |
| ROBERT CLARK, AS PERSONAL | Civil Action No.: 2018-CP-08- |
| REPRESENTATIVE FOR THE ESTATE OF | |
| ROBERT CLARK, JR. | |
| | |
| Plaintiff, | **SUMMONS** |
| | (Jury Trial Requested) |
| v. | |
| | |
| THE BERKELEY COUNTY SHERIFF'S | |
| OFFICE; and JAMES VANSANT, in his | |
| individual capacity, | |
| | |
| Defendants. | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED AND REQUIRED to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer on the subscribers at their office located at 3 Morris Street, Suite A, Post Office Box 21624, Charleston, South Carolina 29413, within thirty days of the service, exclusive of the day of such service; and if you fail to answer the Complaint within this time, the Plaintiff will move for entry of Default Judgment and apply to the Court for the relief sought therein.

**McLEOD LAW GROUP, LLC**

BY:     s/ W. Mullins McLeod, Jr.
W. Mullins McLeod, Jr., Bar No.  14148
Colin V. Ram, Bar No. 103260
3 Morris Street, Suite A
P.O. Box 21624
Charleston, SC 29413
843-277-6655

and

**DAVID AYLOR LAW OFFICES**
David Aylor Bar No. 74974
24 Broad Street
Charleston, SC 29401

*Attorney for Plaintiffs*

<u>October 25, 2018</u>
Charleston, South Carolina

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| | ) | |
| ROBERT CLARK, AS PERSONAL | ) | Civil Action No.: 2018-CP-08- |
| REPRESENTATIVE FOR THE ESTATE OF | ) | |
| ROBERT CLARK, JR. | ) | |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | (Jury Trial Requested) |
| | ) | |
| THE BERKELEY COUNTY SHERIFF'S | ) | |
| OFFICE; and JAMES VANSANT, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Robert Clark as Personal Representative of the Estate of Robert Clark, Jr.,
complaining of the above-named Defendants alleges and shows as follows:

## JURISDICTION AND VENUE

1.      Decedent, Robert L. Clark, Jr., at all times herein, was a citizen and resident of
Berkeley County, South Carolina.  Plaintiff Robert Clark is the duly appointed Personal
Representative of the Decedent's Estate which is being probated in Berkeley County.  Plaintiff's
certificate of appointment is attached hereto as Exhibit No. 1.

2.      Plaintiff brings this wrongful death action on behalf of Decedent's parents pursuant
to Section 15-51-10 of the South Carolina Code and brings this survival action on behalf of the
Decedent's Estate pursuant to Section 15-5-90 of the South Carolina Code.

3.      Upon information and belief, the Berkeley County Sheriff's Office is a state entity
organized and created pursuant to the laws of the State of South Carolina.  The Berkeley County
Sheriff's Office is responsible for implementing and overseeing the policies, practices and customs
of the Berkeley County Sheriff's Office as well as for the hiring, training, supervision, controlling
and disciplining of its deputies and other employees.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

4.     Upon information and belief, at the various times giving rise to the causes of action set forth in this Complaint, Defendant James Vansant was a resident of Charleston County, South Carolina, was employed by the Berkeley County Sheriff's Office as a Sheriff's deputy, and was on duty, acting individually and under the color of state law.

5.     This Court has subject matter jurisdiction over all claims alleged, personal jurisdiction over the parties, and venue is proper in Berkeley County.

## FACTUAL BACKGROUND

6.     On the evening of April 19, 2017, Robert Clark, Jr. was riding a Harley-Davidson motorcycle through Ladson, South Carolina.

7.     Defendant Vansant was on duty that evening for the Berkeley County Sheriff's Office.  Plaintiff is informed and believes that Vansant was sitting in his parked police cruiser outside of a hardware store on College Park Road less than one mile from Interstate 26 and listening to a talk radio station.

8.     As Clark traveled down College Park Road from the direction of Interstate 26 toward the hardware store, Defendant Vansant purportedly observed him moving at 66 or 67 miles per hour.  The posted speed limit on that portion of College Park Road is 45 miles per hour.

9.     On information and belief, Defendant Vansant decided to pursue Clark's motorcycle for a speeding violation.  Under South Carolina law, Clark would have been issued a traffic citation with a minimum fine of $75 for this alleged speeding violation.

10.     Defendant Vansant thereafter commenced a vehicular pursuit of Clark.  Plaintiff is informed and believes Defendant Vansant's decision to chase the decedent who posed no risk to the public and was guilty of a traffic citation at worst violated generally accepted policing standards.

2

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

11.     Nonetheless Defendant Vansant initiated a police chase at recklessly high speeds and failed to maintain a safe distance between his police vehicle and Clark's motorcycle, in violation of the Berkeley County Sheriff's Office vehicle pursuit and traffic enforcement policies and procedures as well as generally accepted policing standards

12.     Approximately three and a half minutes after the pursuit began, Defendant Vansant, apparently fueled by the adrenaline rush from giving chase, repeatedly yelled aloud in his police cruiser, "You're going to die if you wreck!  You're going to die if you wreck!"

13.     Approximately five minutes after the pursuit began, Clark began to bring the motorcycle to a stop, causing his speed to slow and the rear brake lights to activate. Despite the decedent's efforts to slow down and/or stop his motorcycle Defendant Vansant struck the back of his motorcycle with his police utility cruiser which weighed in excess of 5,000lbs.

14.     Plaintiff is informed and believes that at all times relevant hereto Defendant Vansant was well aware that his police utility cruiser is considered a deadly weapon and that he was forbidden pursuant to generally accepted policing standards and the Berkeley County Sheriff's office policies and procedures from striking or ramming the rear of decedent's motorcycle.

15.     Despite Defendant Vansant striking Clark's motorcycle Clark was able to avoid crashing and remained upright on his motorcycle.

16.     Approximately three seconds later, Defendant Vansant's police cruiser struck Clark a second time, this time sideswiping the left rear side of the motorcycle with such force to cause Clark and the motorcycle to be violently projected forward and into the right-side curb where he collided into the side of the stopped passenger vehicle and a lamppost.  Due to the violent nature of the collision, Clark could no longer control the motorcycle and it fell onto the street.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

17.    On information and belief, Clark consciously suffered painful injuries and mental distress during and after the first and second collisions caused by Defendant Vansant, including pain arising from the injuries he sustained when he was propelled into the stopped vehicle, curb, and lamppost and from crashing onto the pavement.

18.    Law enforcement officers, Summerville Fire Department, and Dorchester County EMS personnel arrived and rendered medical aid to Clark, but he was later pronounced dead at the scene.

19.    The Berkeley County Coroner's Office ruled Robert Clark, Jr.'s death a "homicide" that was precipitated by the "appl[ication] of deadly force" by Defendant Vansant.

20.    Despite Defendant Vansant's verbal recognition of the extreme recklessness and deliberate indifference to Clark's life posed by his high-speed pursuit, Vansant nonetheless continued in blatant violation of numerous policies and procedures governing the safe vehicular pursuit of suspects in Berkeley County.

21.    The Berkeley County Sheriff's Office Policy and Procedure Manual ("Procedure Manual") addresses vehicular pursuits by its law enforcement personnel.  Recognizing the threat to human life posed by police pursuits, section 507 of the manual states that "[v]ehicular pursuits will be strictly regulated with due regard for the potential danger to the public, agency personal, *and suspects involved in the pursuit*."  (emphasis added).

22.    To ensure adherence to this policy of conducting safe pursuits, the manual sets forth twelve pages of detailed rules and procedures for Sheriff's deputies to adhere to when conducting vehicular pursuits.

23.    Section IV.A. of the Procedure Manual states that "[t]he decision to initiate pursuit must be based on the employee's conclusion that *the immediate danger to the employee and the*

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

*public created by the pursuit is less than the immediate or potential danger to the public should the suspect remain at large*. Pursuit may be justified if the employee reasonably believes that the suspect, if allowed to flee, would present a danger to human life or cause serious injury." (emphasis added).

24. Mr. Clark presented no danger to anyone on the night of April 19, 2017 other than the minimal hazard posed by any member of the public traveling 20 miles an hour over the posted speed limit on a road with light traffic.

25. Section IV.B. of the Procedure Manual states that "[a]gency personnel initiating a pursuit will, in all cases, notify Central Communications of the pursuit and provide," among other information, the "reason for pursuit."

26. Defendant Vansant never notified Central Communications of the reason for his high-speed pursuit of Mr. Clark.

27. Having received no explanation from Defendant Vansant for his pursuit, Central Communications repeatedly asked Defendant Vansant to provide a reason for his chase. Defendant Vansant refused to do so.

28. After Central Communications learned that the pursuit would cross jurisdictions into Dorchester County, Central Communications notified the Dorchester County police dispatcher. During that conversation, the Central Communications dispatcher advised the Dorchester County dispatcher that she was "not sure exactly why" Vansant was in pursuit.

29. Section IV.B.6. of the Procedure Manual also states that "[w]hen engaged in pursuit, agency personnel will not drive with reckless disregard for the safety of others."

30. Defendant Vansant conducted his pursuit in reckless disregard for the safety of others, including the safety of Mr. Clark. Vansant drove his police cruiser through red lights,

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

veered across double yellow lines into oncoming traffic, travelled at unsafe speeds, and tailgated Mr. Clark's motorcycle in a menacing way.  Defendant Vansant repeatedly proceeded past red stop signals without slowing down as necessary for safe operation, exceeded the maximum speed limit without regard to whether he was endangering life or property, and disregarded regulations governing direction of movement, all of which violated South Carolina law for operations of authorized emergency vehicles.  *See* S.C. Code § 56-5-760.

31.    Section IV.C. of the Procedure Manual outlines "Supervisor Responsibilities" during a vehicular pursuit.  In relevant part, it provides, "[w]hen made aware of a vehicular pursuit, the designated supervisor will . . . coordinate and direct activities as needed to ensure that proper procedures are used, and will have the discretion to terminate the pursuit."

32.    The designated supervisor of Defendant Vansant's pursuit failed to ensure that Vansant followed proper procedures for conducting this pursuit.

33.    The designated supervisor of Defendant Vansant's pursuit failed to exercise discretion to terminate the pursuit to protect the safety of Mr. Clark and other members of the public.

34.    Plaintiff is informed and believes that generally accepted police standards provide that ramming, boxing in, heading off or even driving alongside a pursued vehicle is only permitted if such actions are approved and only when deadly force is authorized.  Section IV.D. of the Procedure Manual outlines "Pursuit Tactics."  In relevant part, it states, "During the course of a pursuit, deliberate contact between vehicles or forcing the pursued vehicle into parked cars, ditches, or any other obstacle, boxing in, heading of, ramming or driving alongside the pursued vehicle while it is motion will be prohibited unless such actions are specifically authorized by a supervisor. *Such actions may be approved only when the use of deadly force would be authorized.*

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

Reckless or hazardous driving maneuvers will not be duplicated by any pursuing vehicle." (emphasis in original).

35.    Defendant Vansant violated pursuit tactics policy and procedures in his chase of Mr. Clark by, among other reasons, engaging in reckless and hazardous driving maneuvers and negligently ramming Mr. Clark's motorcycle and causing it to crash.

36.    Plaintiff is further informed and believes that generally accepted policing standards and the Berkeley County Sheriff's Office policies and procedures required Defendant Vansant to terminate the pursuit when the risk of continuing exceeded the public safety benefit.  Section IV.F. of the Procedure Manual addresses "Termination of the Pursuit."  In relevant part, it states:

> The primary pursuing unit will continually re-evaluate and assess the pursuit situation including all of the initiating factors and terminate the pursuit whenever agency personnel reasonably believes the risks associated with continuing the pursuit are greater than the public safety benefit or making an immediate apprehension.
>
> a.    The pursuit may be terminated by the primary unit at any time.
>
> b.    The designated supervisor or a ranking command staff supervisor may order the termination of a pursuit at any time.
>
> c.    A pursuit may be terminated if the suspect's identity has been determined, immediate apprehension is not necessary to protect the public or law enforcement personnel, and apprehension at a later time is feasible.

37.    Defendant Vansant, who was the primary unit in the pursuit, failed to evaluate and assess the pursuit situation and terminate it when the risk associated with continuing it outweighed the public safety benefit of apprehending Mr. Clark for speeding.

38.    On information and belief, Defendant Vansant had sufficient information to determine Mr. Clark's identity so that he could have been apprehended at a later time.  This information included the motorcycle license number and dash cam video clearly showing Mr. Clark operating the motorcycle as well as his clothing and other identifying features.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

39.     Defendant Berkeley County Sheriff's Office, it designated supervisor, and ranking command staff supervisor likewise failed to terminate the pursuit when it became clear that the risk to Mr. Clark and the public far exceeded the benefit of making an immediate apprehension.

40.     Section IV.G. of the Procedure Manual addresses "Inter-jurisdictional Pursuits."  In relevant part, it states:

> (1) Agency personnel will notify Central Communications when it is likely that a pursuit will continue into a municipal jurisdiction or depart Berkeley County jurisdiction.
> …
>
> (4) Agency personnel conducting a vehicle pursuit will be restricted to Berkeley County jurisdiction and will not depart that county without *express permission* from a supervisor. **Justification to authorize an out of county vehicle pursuit must be predicated on a *serious imminent* threat to public safety**." (italics in original).

41.     On information and belief, Defendant Vansant did not receive express permission from the designated supervisor or any other Berkeley County Sheriff's Office personnel authorized to make such a decision before he continued his pursuit into Dorchester County.  Nor was there any serious imminent threat to public safety posed by Mr. Clark that justified Vansant's continuing his pursuit into Dorchester County.

42.     On information and belief, Defendant Berkeley County Sheriff's Office was aware that Vansant intended to and did, in fact, continue the pursuit into Dorchester County, but did not authorize him to do so and failed to instruct him to terminate his pursuit before or after he crossed into Dorchester County.

43.     On information and belief, Defendant Berkeley County Sheriff's Office was aware that there was no serious imminent threat to public safety posed by Mr. Clark that justified Vansant's continuing his pursuit into Dorchester County.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

44.    Section IV.I. of the Procedure Manual addresses "Training" for vehicular pursuits. It provides that "Agency personnel operating assigned vehicles will be given initial and annual training in the agency's pursuit policy and defensive diving techniques."

45.    On information and belief, the Berkeley County Sheriff's Office failed to provide Defendant Vansant with adequate, appropriate, and required initial and annual training of its vehicular pursuit policy.

46.    On information and belief, Defendant Vansant received no other appropriate training on the Berkeley County Sheriff's Office vehicular pursuit procedures, or any other appropriate training on how to properly and safely conduct a vehicular pursuit.

47.    Despite the broad and detailed policies and procedures governing vehicle pursuits, the Berkeley County Sheriff's Office failed to provide any meaningful supervision of Defendant Vansant during his pursuit of Mr. Clark.

48.    Defendant Vansant's decision to continue his high-speed pursuit of Clark was unjustified and in violation of widely-accepted policing standards, including the policies and procedures promulgated by the Berkeley County Sheriff's Office.

## FOR A FIRST CAUSE OF ACTION
### (Negligence Against All Defendants)

49.    Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

50.    Upon information and belief, Defendants owed statutory and common law duties to the public in general, and to Robert Clark, Jr. in particular, to use due care in fulfilling their law enforcement functions and duties and to ensure their conduct conformed to generally accepted police standards and the standards set forth by the Berkeley County Sheriff's Office.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

51.     On April 19, 2017, Defendants failed to use due care and were negligent as described above and in the following particulars:

    a.   Failing to follow proper protocol and procedure for conducting a vehicular pursuit;

    b.   Conducting the pursuit at unsafe speeds and failing to allow sufficient braking distance between Vansant's police cruiser and Clark's motorcycle;

    c.   Failing to use the appropriate degree of force for the situation;

    d.   Failing to terminate the pursuit after Vansant repeatedly failed to provide a reason for it;

    e.   Concluding that the immediate danger posed to the public by an individual committing a traffic violation punishable with a minimum fine of $75 outweighed the danger to the public in continuing the pursuit;

    f.   Permitting the pursuit to continue into Dorchester County absent a serious imminent threat to public safety;

    g.   Operating Vansant's police cruiser as a deadly weapon to effect a traffic stop;

    h.   And other such particulars as may be shown at trial.

52.     All of the above referenced acts and/or omissions and/or commissions are in violation of the Berkeley County Sheriff's Office rules and procedures and common laws and statutes of the State of South Carolina, as well as the Defendants' obligations and duties to Decedent Clark.

53.     As a direct, foreseeable and proximate result of the aforementioned negligent, grossly negligent, and reckless acts and/or omissions by Defendants, Decedent Robert Clark, Jr. suffered conscious physical harm and injury, and endured pain and suffering, including mental distress, emotional anguish and death.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

54.     Due to the negligent, grossly negligent, and reckless acts and/or omissions of Defendants as set out above, Plaintiff is entitled to recover actual and punitive damages from Defendants as determined by a jury.

### FOR A SECOND CAUSE OF ACTION
**(Negligent Hiring, Supervision and/or Retention
Against the Berkeley County Sheriff's Office)**

55.     Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

56.     Upon information and belief, the Berkeley County Sheriff's Office owed statutory and common law duties to the public at large, and to Robert Clark, Jr. in particular, to refrain from negligently hiring, supervising and/or retaining employees.

57.     Upon information and belief, the Berkeley County Sheriff's Office knew or reasonably should have known that Defendant Vansant did not have the proper training, disposition, and/or temperament to handle stressful situations or meet its departmental standards to the detriment of the public.

58.     Upon information and belief, and based upon Vansant's work, temperament, and disposition as a law enforcement officer, Defendant Berkeley County Sheriff's Office knew or should have known that hiring and retaining Vansant as a Sheriff's deputy for Berkeley County presented a danger to the public at large, and to Robert Clark, Jr. in particular, and that it was foreseeable that Vansant would fail to perform his responsibilities in a reasonable manner that was consistent with Berkeley County Sheriff's Office policies and procedures as well as generally accepted law enforcement procedure and protocol.

59.     In addition to hiring and retaining Defendant Vansant, the Berkeley County Sheriff's Office knew or should have known that their failure to provide adequate training to and

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0800138

supervision of Vansant on proper procedures for conducting vehicular pursuits and the use of appropriate force during traffic stops would result in serious injury and/or death.

60.     In its supervision of Defendant Vansant as a law enforcement officer, the Berkeley County Sheriff's Office failed to use due care and were negligent in the following particulars:

a.  Failing to properly train Vansant in the use of proper law enforcement procedure and protocol;

b.  Failing to adequately supervise Vansant during his pursuit of Robert Clark, Jr.;

c.  Failing to coordinate and direct Vansant's pursuit of Clark as needed to ensure that Vansant followed proper procedures for conducting the pursuit;

d.  Failing to order Vansant to terminate his pursuit of Clark to protect the safety of Clark and other members of the public after learning of Vansant's disregard of the rules, policies, and procedures for conducting vehicular pursuits including, but not limited to, Vansant's excessive speeding, Vansant's refusal to provide a reason for the pursuit when required to; and Vansant's crossing into Dorchester County to continue the pursuit in the absence of any serious imminent threat to public safety;

e.  Any and all other particulars as may be shown at trial.

61.     The negligent hiring, training, and/or supervision of Defendant Vansant were each direct and proximate causes of Mr. Clark's injuries and death.

## FOR A THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Violation of Decedent's Fourth Amendment Rights by Defendant James Vansant)

62.     Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

63.    At all times relevant hereto, the Defendant James Vansant was a deputy with the Berkeley County Sheriff's Office and acted under the color of state law and as such was well aware of his employer's policies and procedures as well as generally accepted policing standards

64.    At all times relevant hereto, Defendant Vansant knew or should have known a motorcyclist under the facts and circumstances herein described did not pose a substantial and immediate risk of serious physical injuries to others.

65.    Plaintiff is informed and believes; however, Defendant Vansant knew or should have known that striking a motorcycle with a police cruiser that weighed in excess of 5,000 pounds did pose a substantial and immediate risk of serious injury or death to Mr. Clark.

66.    Plaintiff is further informed and believes no reasonable police officer would have used his vehicle to effect a stop of a motorcyclist under the existing circumstances then and there prevailing.

67.    Decedent Robert Clark, Jr. was deprived of rights, privileges and immunities safeguarded by the Fourth Amendment of the U.S. Constitution, particularly his right to be free from the use of excessive and unreasonable force by Defendant Vansant.

68.    Upon information and belief, the excessive and deadly force that Robert Clark, Jr. was subjected to was employed by Defendant Vansant in deliberate indifference to Clark's life and without any reasonable necessity to use any force, much less the excessive and deadly force that was employed without legal justification.

69.    As a direct results of Defendant Vansant's unlawful use of excessive and unreasonable force, Robert Clark, Jr. was killed.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

70.    As a direct and proximate result of Defendant Vansant's violation of Decedent's constitutionally protected rights, Plaintiff is entitled to recover actual and punitive damages from Defendants as determined by a jury.

### FOR A FOURTH CAUSE OF ACTION
**(Survival Action Against All Defendants)**

71.    Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

72.    As a result of the above referenced acts, Decedent Robert Clark, Jr. sustained serious injuries ultimately causing his wrongful death.

73.    Pursuant to the South Carolina Survival Act, Plaintiff is entitled to bring all of the above-referenced and foregoing causes of action as the duly appointed Personal Representative of the Estate of Robert Clark, Jr.

74.    Plaintiff alleges that as a result of the above referenced acts, Decedent Robert Clark, Jr. suffered conscious pain and suffering, personal injuries and trauma prior to his death, funeral expenses, and other compensatory damages, and is entitled to punitive damages in an amount to be determined by a jury.

75.    All of the above referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina, and Defendants' obligations and duties to Plaintiff.

76.    Each of these acts and/or omissions and/or commissions proximately caused Robert Clark, Jr.'s injuries and wrongful death.

77.    Consequently, Plaintiff seeks actual and punitive damages and such other and further relief this Honorable Court deems just and proper.

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

## FOR A FIFTH CAUSE OF ACTION
### (Wrongful Death Against All Defendants)

78.    Plaintiff realleges and reincorporates all preceding paragraphs as if fully set forth herein.

79.    As a result of the above-referenced acts and/or omissions, Decedent Robert Clark, Jr. suffered conscious pain and suffering, personal injuries and trauma prior to his death.

80.    Pursuant to the South Carolina Wrongful Death Act, Plaintiff alleges entitlement to all of the above-referenced and foregoing causes of action as survivors and/or as the duly appointed Personal Representative of the Estate of Robert Clark, Jr.

81.    As a direct and proximate result of Defendants' willful, wanton, reckless, grossly negligent and negligent acts as set out above, the Decedent's beneficiaries, as represented by Robert Clark, Personal Representative of the Estate of Robert Clark, Jr., have suffered injuries, which have caused, and in the future will cause, the beneficiaries to suffer one or more of the following elements of damage as to the survival and wrongful death claims:

a.    Pecuniary loss;

b.    Conscious pain and suffering;

c.    Mental shock and suffering;

d.    Wounded feelings;

e.    Grief and sorrow;

f.    Loss of companionship; and

g.    Deprivation of use and comfort of Robert Clark, Jr.'s society, including loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiaries.

82.    Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants as set out above, as well as his violation of state law, Plaintiff is entitled to compensation for funeral expenses and other compensatory damages and is entitled to punitive damages in an amount to be determined by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and for the following:

i.      Judgement against Defendants, individually and joint and severally;

ii.     For actual damages, special damages, consequential damages, punitive damages and treble damages in an amount to be determined by the jury;

iii.    For costs of this action and reasonable attorney's fees;

iv.     And for all such other and further relief this Honorable Court deems just and proper.

Respectfully submitted,

**McLEOD LAW GROUP, LLC**

BY:     s/ W. Mullins McLeod, Jr.
W. Mullins McLeod, Jr., Bar No.  14148
Colin V. Ram, Bar No. 103260
3 Morris Street, Suite A
P.O. Box 21624
Charleston, SC 29413
843-277-6655

and

**DAVID AYLOR LAW OFFICES**
David Aylor Bar No. 74974
24 Broad Street
Charleston, SC 29401

*Attorney for Plaintiffs*

October 25, 2018
Charleston, South Carolina

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

STATE OF SOUTH CAROLINA ) IN THE PROBATE COURT

COUNTY OF: BERKELEY )

IN THE MATTER OF: ) **CERTIFICATE OF APPOINTMENT**
ROBERT CLARK, JR. )
(Decedent) ) CASE NUMBER: 2017ES08-479

This is to certify that

ROBERT CLARK

is/are the duly qualified

☒ PERSONAL REPRESENTATIVE
☐ GUARDIAN
☐ CONSERVATOR
☐ TRUSTEE
☐ _____

in the above matter and that this appointment, having been executed on the 31ST day of MAY, 2017, is in full force and effect, including authorization to receive monies, income, principal, interest, & dividends of and belonging to said estate.

**RESTRICTIONS:**

Executed this 31ST day of MAY 2017.

_____
KEITH W. KORNAHRENS, Probate Court Judge

Do not accept a copy of this certificate without the raised seal of the Probate Court.

FORM #141PC (1/2014)
62-1-305, 62-3-103

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

STATE OF SOUTH CAROLINA                    )              IN THE PROBATE COURT

COUNTY OF: BERKELEY                         )

                                           )          **CERTIFICATE OF APPOINTMENT**

IN THE MATTER OF:                          )
ROBERT CLARK, JR.                          )      CASE NUMBER: 2017ES08-479
(Decedent)                                 )


This is to certify that


ROBERT CLARK
_____

is/are the duly qualified

☒   PERSONAL REPRESENTATIVE
☐   GUARDIAN
☐   CONSERVATOR
☐   TRUSTEE
☐   _____

in the above matter and that this appointment, having been executed on the 31ST day of MAY, 2017, is in full force and effect, including authorization to receive monies, income, principal, interest, & dividends of and belonging to said estate.

**RESTRICTIONS:**


Executed this 31ST day of MAY 2017.

_____
                        KEITH W. KORNAHRENS, Probate Court Judge


Do not accept a copy of this certificate without
the raised seal of the Probate Court.

FORM #141PC (1/2014)
62-1-305, 62-3-103

STATE OF SOUTH CAROLINA ) IN THE PROBATE COURT

COUNTY OF: BERKELEY )

)

IN THE MATTER OF: ) **CERTIFICATE OF APPOINTMENT**
ROBERT CLARK, JR. )
(Decedent) ) CASE NUMBER: 2017ES08-479

This is to certify that

_____ ROBERT CLARK _____

is/are the duly qualified

☒ PERSONAL REPRESENTATIVE
☐ GUARDIAN
☐ CONSERVATOR
☐ TRUSTEE
☐ _____

in the above matter and that this appointment, having been executed on the 31ST day of MAY, 2017, is in full force and effect, including authorization to receive monies, income, principal, interest, & dividends of and belonging to said estate.

**RESTRICTIONS:**

Executed this 31ST day of MAY 2017.

_____
KEITH W. KORNAHRENS, Probate Court Judge

Do not accept a copy of this certificate without the raised seal of the Probate Court.

FORM #141PC (1/2014)
62-1-305, 62-3-103

STATE OF SOUTH CAROLINA )

COUNTY OF: BERKELEY )

IN THE MATTER OF:
ROBERT CLARK, JR.
(Decedent)

)
)
)
)
)
)

IN THE PROBATE COURT

**CERTIFICATE OF APPOINTMENT**

CASE NUMBER: 2017ES08-479

This is to certify that

ROBERT CLARK
_____

is/are the duly qualified

☒   PERSONAL REPRESENTATIVE
☐   GUARDIAN
☐   CONSERVATOR
☐   TRUSTEE
☐   _____

in the above matter and that this appointment, having been executed on the 31ST day of MAY, 2017, is in full force and effect, including authorization to receive monies, income, principal, interest, & dividends of and belonging to said estate.

**RESTRICTIONS:**

Executed this 31ST day of MAY 2017.

_____
KEITH W. KORNAHRENS, Probate Court Judge

Do not accept a copy of this certificate without
the raised seal of the Probate Court.

FORM #141PC (1/2014)
62-1-305, 62-3-103

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

STATE OF SOUTH CAROLINA                    )                    IN THE PROBATE COURT

COUNTY OF: BERKELEY                         )

                                           )          **CERTIFICATE OF APPOINTMENT**

IN THE MATTER OF:                          )
ROBERT CLARK, JR.                          )          CASE NUMBER: 2017ES08-479
(Decedent)                                 )

This is to certify that

_____ ROBERT CLARK _____

is/are the duly qualified

☒  PERSONAL REPRESENTATIVE
☐  GUARDIAN
☐  CONSERVATOR
☐  TRUSTEE
☐  _____

in the above matter and that this appointment, having been executed on the 31STday of MAY, 2017, is in full force and effect, including authorization to receive monies, income, principal, interest, & dividends of and belonging to said estate.

**RESTRICTIONS:**

Executed this 31STday ofMAY2017.

_____
KEITH W. KORNAHRENS, Probate Court Judge

Do not accept a copy of this certificate without the raised seal of the Probate Court.

FORM #141PC (1/2014)
62-1-305, 62-3-103

ELECTRONICALLY FILED - 2018 Oct 25 12:04 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

ELECTRONICALLY FILED - 2019 Jan 30 3:00 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

## AFFIDAVIT OF SERVICE

State of South Carolina                    County of Berkeley                    Common Pleas Court

Case Number: 2018-CP-08-02138

Plaintiff:
**ROBERT CLARK AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF**
**ROBERT CLARK, JR**

vs.

Defendant:
**THE BERKELEY COUNTY SHERIFF'S OFFICE AND JAMES VANSANT, IN HIS**
**INDIVIDUAL CAPACITY**

For:
W MULLINS MCLEOD JR
MCLEOD LAW GROUP
3 MORRIS ST. STE A
Charleston, SC 29403

Received by PROCESS SERVICE, INC. to be served on **JAMES VANSANT, BERKELEY COUNTY SHERIFF'S**
**OFFICE, 233 N LIVE OAK ST, MONCKS CORNER, SC 29461**.

I, John R. Gamble, being duly sworn, depose and say that on the **14th day of January, 2019** at 2:19 pm, I:

**PERSONALLY** served by delivering a true copy of the **SUMMONS; COMPLAINT; COPIES OF CERTIFICATE OF**
**APPOINTMENT** to: JAMES VANSANT at the address of: **BERKELEY COUNTY SHERIFF'S OFFICE, 233 N LIVE**
**OAK ST, MONCKS CORNER, SC 29461**.

I am over eighteen and have no interest in the above action.

John R. Gamble
PROCESS SERVER

Subscribed and Sworn to before me on the 14th day of
January, 2019 by the affiant who is personally known to
me.

PROCESS SERVICE, INC.
P.O. Box 20097
Charleston, SC 29413
(843) 577-2355

NOTARY PUBLIC

Our Job Serial Number: LEX-2019000100

Lindy Williamson
PRINTED SIGNATURE

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.1i

Commission Expires:

5-6-19

ELECTRONICALLY FILED - 2018 Dec 04 4:16 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BERKELEY | ) | FOR THE NINTH JUDICIAL CIRCUIT |
| | ) | |
| ROBERT CLARK, AS PERSONAL | ) | Civil Action No.: 2018-CP-08-02138 |
| REPRESENTATIVE FOR THE ESTATE OF | ) | |
| ROBERT CLARK, JR. | ) | |
| | ) | |
| Plaintiff, | ) | **ACCEPTANCE OF SERVICE** |
| | ) | |
| v. | ) | |
| | ) | |
| THE BERKELEY COUNTY SHERIFF'S | ) | |
| OFFICE; and JAMES VANSANT, in his | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

I, Elloree A. Ganes, Esquire, as attorney for defendants The Berkeley County Sheriff's Office and James Vansant, hereby accept service of the Summons and Complaint in the above-referenced case.

Hood Law Firm, LLC

Elloree A. Ganes, Esquire
PO Box 1508
Charleston, SC 29402

Charleston, South Carolina

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) |
| COUNTY OF BERKELEY | ) FOR THE NINTH JUDICIAL CIRCUIT |
| | ) |
| Robert Clark, as Personal Representative for the Estate of Robert Clark, Jr., | ) C/A No. 2018-CP-08-02138 |
| | ) |
| *Plaintiff,* | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| | ) ***(Jury Trial Requested)*** |
| Versus | ) |
| | ) |
| The Berkeley County Sheriff's Office, and James Vansant, in his individual capacity, | ) |
| | ) |
| *Defendants.* | ) |

Comes now the Defendant, The Berkeley County Sheriff's Office, (hereinafter "this Defendant"), hereby answering the allegations of the Plaintiff's Complaint, subject to any and all affirmative defenses, motions, or other qualifications, as set forth in this Answer.

1.      Each and every allegation not specifically admitted in this Answer is denied.

## AS TO JURISDICTION AND VENUE

2.      This Defendant is without sufficient knowledge or information at this time to form a belief as to the truth of some the allegations contained in Paragraph 1 of the Plaintiff's Complaint and therefore those allegations are denied. Further responding, some of the allegations contained in Paragraph 1 of the Plaintiff's Complaint state conclusions of law to which no response is required.

3.      The allegations contained in Paragraphs 2, 3, 4 and 5 of the Plaintiff's Complaint state conclusions of law to which no response is required.

## AS TO FACTUAL BACKGROUND

4.      In response to the allegations contained in Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Plaintiff's Complaint, this Defendant admits, upon information and belief, that on or about April 19, 2017, Robert Clark, Jr. was riding a Harley-Davidson motorcycle in Berkeley County when he failed to stop for blue lights and proceeded into and crashed his motorcycle in Dorchester County, South Carolina.  Further responding, this Defendant

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

refers to all video and audio recordings, and all evidence related to the police encounter and crash as well as all medical records related to Robert Clark's injuries for a more complete and accurate description of the attempted traffic stop, crash and Robert Clark's injuries. All remaining and inconsistent allegations contained in Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19 and 20 of the Plaintiff's Complaint are denied as they are written.

5.      In response to the allegations contained in Paragraphs 21, 22 and 23 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

6.      This Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

7.      In response to the allegations contained in Paragraph 25 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

8.      In response to the allegations contained in Paragraphs 26, 27 and 28 of the Plaintiff's Complaint, this Defendant refers to the complete audio recordings of Defendant Vansant's communications during the attempted traffic stop for a more detailed description of the communications. All remaining and inconsistent allegations contained in Paragraphs 26, 27 and 28 of the Plaintiff's Complaint are denied.

9.      In response to the allegations contained in Paragraph 29 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

10.      This Defendant denies the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

11.     In response to the allegations contained in Paragraph 31 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

12.     This Defendant denies the allegations contained in Paragraphs 32 and 33 of the Plaintiff's Complaint.

13.     The allegations contained in Paragraph 34 of the Plaintiff's Complaint state conclusions of law to which no response is required.  Further responding, this Defendant refers to the documents described in Paragraph 34 of the Plaintiff's Complaint for a more complete description of their contents.

14.     This Defendant denies the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

15.     The allegations contained in Paragraph 36 (including subparts a, b and c) of the Plaintiff's Complaint state conclusions of law to which no response is required.

16.     This Defendant denies the allegations contained in Paragraphs 37, 38 and 39 of the Plaintiff's Complaint.

17.     In response to the allegations contained in Paragraph 40 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

18.     In response to the allegations contained in Paragraphs 41 and 42 of the Plaintiff's Complaint, this Defendant refers to the audio recordings of Defendant Vansant's communications during the attempted traffic stop for a more detailed description of the communications.  All remaining and inconsistent allegations contained in Paragraphs 41 and 42 of the Plaintiff's Complaint are denied.

19.     This Defendant denies the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

20.     In response to the allegations contained in Paragraph 44 of the Plaintiff's Complaint, this Defendant refers to the documents described for a more complete description of their contents.

21.     This Defendant denies the allegations contained in Paragraphs 45, 46, 47 and 48 of the Plaintiff's Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### (Negligence Against All Defendants)

22.     In response to the allegations contained in Paragraph 49 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

23.     The allegations contained in Paragraphs 50, 51(including subparts a, b, c, d, e, f, g and h), 52, 53 and 54 of the Plaintiff's Complaint are denied.

## AS TO THE SECOND CAUSE OF ACTION
### (Negligent Hiring, Supervision and/or Retention Against Berkeley County Sheriff's Office)

24.     In response to the allegations contained in Paragraph 55 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

25.     The allegations contained in Paragraph 56 of the Plaintiff's Complaint state conclusions of law to which no response is required.

26.     The allegations contained in Paragraphs 57, 58, 59, 60 (including subparts a, b, c, d and e) and 61 of the Plaintiff's Complaint are denied.

## AS TO THE THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 – Violation of Decedent's Fourth Amendment Rights by Defendant James Vansant)

27.     In response to the allegations contained in Paragraph 62 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

28.    The allegations contained in Paragraphs 63, 64, 65, 66, 67, 68, 69 and 70 of the Plaintiff's Complaint are not directed toward this Defendant and therefore, no response is required.

## AS TO THE FOURTH CAUSE OF ACTION
### (Survival Action Against All Defendants)

29.    In response to the allegations contained in Paragraph 71 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

30.    The allegations contained in Paragraph 72 of the Plaintiff's Complaint are denied.

31.    The allegations contained in Paragraphs 73, 74 and 75 of the Plaintiff's Complaint state conclusions of law to which no response is required.

32.    This Defendant denies the allegations contained in Paragraphs 76 and 77 of the Plaintiff's Complaint.

## AS TO THE FIFTH CAUSE OF ACTION
### (Wrongful Death Against All Defendants)

33.    In response to the allegations contained in Paragraph 78 of the Plaintiff's Complaint, this Defendant repeats, realleges and incorporates by reference all of the responses in this Answer as if fully set forth in their entirety in this Paragraph.

34.    This Defendant denies the allegations contained in Paragraph 79 of the Plaintiff's Complaint.

35.    The allegations contained in Paragraphs 80 and 81(including subparts a, b, c, d, e, f and g) of the Plaintiff's Complaint state conclusions of law to which no response is required.

36.    This Defendant denies the allegations contained in Paragraph 82 and the PRAYER FOR RELIEF (including subparts i, ii, ii and iv), being the remaining allegations of the Plaintiff's Complaint.

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Proximate Cause)**

37.     That, even if this Defendant was negligent, as alleged in the Complaint, which is specifically denied, the negligence of this Defendant was not the direct or proximate cause of any injury alleged by the Plaintiff and therefore this Defendant is not liable for any damages allegedly sustained by the Plaintiff.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Breach)**

38.     The allegations complained of in the Plaintiff's Complaint, which are denied, do not constitute a breach of any duty owed to Plaintiff and therefore any recovery against this Defendant is barred.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Comparative Negligence)**

39.     That, upon information and belief, even if this Defendant was negligent as described in the Complaint, which is specifically denied, the Plaintiff's alleged injuries and damages, if any, resulted from, or were due to the negligence of the Plaintiff or a third party, which combined and concurred with any negligence on the part of this Defendant, which is specifically denied, to bring about the said damages, if any, as a proximate cause thereof and without which the same would not have occurred.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Lack of Foreseeability)**

40.     That upon information and belief, even if the damages alleged in Plaintiff's Complaint, if any, were proximately caused by the acts and/or omissions of the answering Defendant, which is otherwise denied except for the purpose of these affirmative defenses, this

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

Defendant did not and could not have foreseen that Plaintiff's damages, if any, could have proximately resulted from the alleged incident.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:**
**(Governmental Immunity/Tort Claims Act)**

41.    This Defendant is a governmental entity as defined by South Carolina Code Ann. § 15-78-30 and as such are immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act pursuant to § 15-78-60.  The South Carolina Tort Claims Act constitutes the exclusive remedy for any tort committed by the employee of the governmental entity who is acting within the scope of his or her employment.  No award for damages under Chapter 78 shall include punitive or exemplary damages and pre-judgment interest or exceed the statutory limits contained therein. South Carolina Code Ann. Sec. 15-78-120.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:**
**(Limitation of Remedies-Tort Claims Act)**

42.    Any recovery by the Plaintiff must be limited to the remedies allowed under the South Carolina Tort Claims Act, including, but not limited to, S.C. Code Ann. §§15-78-120(a)(1) and 15-78-120(b).

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE, THIS DEFENDANT ALLEGES:**
**(Sole Remedy-Tort Claims Act)**

43.    The Plaintiff's exclusive and sole remedy for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty is the South Carolina Tort Claims Act, and any claims asserted by Plaintiff not in compliance therewith must be dismissed.

ELECTRONICALLY FILED - 2018 Dec 06 5:33 PM - BERKELEY - COMMON PLEAS - CASE#2018CP0802138

### <u>FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,</u><br><u>THIS DEFENDANT ALLEGES:</u><br>(Reservation and Non-Waiver)

44.     This Defendant reserves any additional and affirmative defenses as may be revealed or become available to it during the course of their investigation and/or discovery in the case and is consistent with the South Carolina Rules of Civil Procedure.

**WHEREFORE**, having fully answered Plaintiff's Complaint, and having asserted these affirmative defenses, the Defendant, The Berkeley County Sheriff's Office, prays that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
Email: Info@hoodlaw.com

**<u>s/ Elloree A. Ganes</u>**
Elloree A. Ganes (SC #70509)

***Attorneys for the Defendant***
***The Berkeley County Sheriff's Office***

<u>**December 6, 2018**</u>
Charleston, South Carolina